## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM TYRONE PAYTON,** *pro se* | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. **PJM 14-2078** |
| | * | (Related to Criminal No. 06-0341) |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

*Pro se* Petitioner William Tyrone Payton filed a second Motion to Vacate, Set Aside or Correct his Sentence on June 27, 2014. ECF No. 84. The Court has considered the Motion and the Government's Opposition. For the reasons described below, the Court **DENIES** the Motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2007, a federal grand jury returned a three-count Superseding Indictment charging Payton with: (1) conspiracy to distribute and possess with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 846; (2) distribution of 500 or more grams of powder cocaine, in violation of 21 U.S.C. § 841; and (3) using a communications device to facilitate the aforementioned conspiracy and distribution of powder cocaine, in violation of 21 U.S.C. § 843.

A jury trial commenced on April 17, 2007. During trial, two co-conspirators testified to numerous telephone conversations and personal dealings with Payton, implicating him as a supplier of cocaine. A third co-conspirator testified to having brought money to Payton to pay

him for a supply of cocaine. In addition, the Government introduced into evidence—and played for the jury—audio recordings of telephone conversations between Payton and his co-conspirators. As explained by the witnesses, those telephone conversations referred to narcotics transactions between Payton and his co-conspirators. The jury also learned that Payton had previously been convicted of other cocaine-related offenses.

The jury found Payton guilty on all three cocaine-related counts, and the Court subsequently sentenced him to 292 months in prison. The Fourth Circuit affirmed the conviction, and the Supreme Court denied Payton's petition for a writ of certiorari.

Payton thereafter filed a first Motion to Vacate consisting of three claims of ineffective assistance of trial counsel. ECF No. 72. The Court denied the Motion on November 30, 2010. Both the Court and the Fourth Circuit declined to issue a certificate of appealability.

The present Motion to Vacate was stayed by Chief Judge Blake pending consideration by the Fourth Circuit and the Supreme Court of several cases related to post-conviction relief in similar circumstances. This case is no longer appropriate for stay and is now ripe for consideration.

## II.  ANALYSIS

Payton argues that his prior conviction for possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924 (c) is not a predicate offense for a career offender enhancement proposed under the sentencing guidelines. The enhancement applies to defendants who had two prior convictions for either a crime of violence or a controlled substance offense. Payton argues that his prior conviction was not for a controlled substance offense, pursuant to U.S. Sentencing Guidelines Manual § 4B1.2.

Referring to the Supreme Court's decision in *Descamps v. United States,* 133 S. Ct. 2276, 2285, (2013), Payton argues that this Court impermissibly used a modified categorical approach to find that the possession of a firearm during the commission of a drug trafficking crime was a "controlled substance offense." He argues that the elements of that offense are broader than the generic crime that would permit a career offender enhancement based on two prior crimes of violence or controlled substance offenses under the sentencing guidelines. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a). Payton avers that he did not plead guilty to all of the elements of the generic crime listed in the sentencing guidelines and that the Court improperly used the statement of facts from his plea agreement in that case to fill in the blanks.

The Court does not need to reach the merits of Payton's appeal because it lacks jurisdiction over this second Motion to Vacate. This is because the Fourth Circuit must authorize a petitioner to file a second or successive motion to vacate in order for a District Court to have jurisdiction to consider it. 28 U.S.C. §§ 2244(b) (3) (A); 2255(h); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Payton has not received leave from the Fourth Circuit.

To qualify as a successive petition, the first petition must have been decided on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). Payton filed his first petition on June 14, 2010, ECF. No. 72, alleging three instances of ineffective assistance of counsel. After receiving an opposition from the Government and a reply from Payton, the Court issued a Memorandum Opinion denying the petition on the merits on November 30, 2010. *See* ECF No. 77. The Court, as well as the Fourth Circuit, declined to issue a certificate of appealability. ECF No. 82.

A second petition is not deemed successive if the claims asserted were not available to petitioner at the time the first petition was filed.  *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014). A new rule of constitutional law is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Lower courts cannot make a new rule retroactive under the statute. *Id.*

The basis of Payton's petition is the Supreme Court's 2013 decision in *Descamps*, which the Supreme Court has not made retroactive. Accordingly, the Court is jurisdictionally barred from considering a second successive petition. [1] *See Randolph v. United States,* 2013 U.S. Dist. LEXIS 158708 (D.Md. Nov. 6, 2013) (Blake, J.) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding.")*; In re Jackson,* 776 F.3d 292, 296 (5th Cir. 2015).

### III.    APPEALABILITY.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 322.  A prisoner satisfies this standard by "'demonstrat[ing] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong,'" and that any dispositive procedural ruling by

---

[1] The Court also notes that *Descamps* considered enhancements for prior violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e), not under the U.S. Sentencing Guidelines.

the district court is likewise debatable. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). The Court has considered the record and finds that Payton has not made the requisite showing here.


## IV.      CONCLUSION

For these reasons, Payton's Motion to Vacate under 28 U.S.C. § 2255, ECF No. 84, is **DENIED**.

A separate Order will **ISSUE.**


_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 29, 2016**