## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. **PJM 06-341** |
| | * | |
| WILLIAM TYRONE PAYTON, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM OPINION

William Tyrone Payton is currently serving a 292-month prison term after a jury found him guilty of (1) conspiracy to distribute 500 grams or more of powder cocaine; (2) distribution of 500 grams or more of powder cocaine; and (3) use of a communications device to facilitate distribution of 500 grams or more of powder cocaine. While Payton remains incarcerated, his principal co-conspirator, Lester Fletcher, who was originally sentenced to life imprisonment, was recently released to home confinement despite far more egregious conduct. Based on this gross sentencing disparity, Payton moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his Motion is **GRANTED**.

### I.

On March 28, 2007, Payton was charged in a three-count superseding indictment for supplying 4 kilograms of powder cocaine to Fletcher and his drug trafficking organization. Unlike Fletcher and his gang, Payton was not alleged to have engaged in acts of violence or used firearms in the commission of his crimes.

Payton pleaded not guilty and put the Government to its proof. At trial, the Government introduced testimony and wiretap recordings indicating that Payton had become a cocaine supplier to Fletcher and his organization in April 2005. The evidence showed that Fletcher and his

1

associates purchased powder cocaine from Payton on three occasions. In each transaction, Fletcher's associates rode with Payton to a location in Silver Spring, Maryland, where Payton obtained cocaine from unknown suppliers. The jury found Payton guilty of all charges.

On September 17, 2007, Payton proceeded to sentencing. Under U.S.S.G. § 4B1.1, Payton was designated as a career offender, lifting his offense level to 37. His criminal history—Category VI—resulted in a final Guidelines range of 360 months to life imprisonment. Noting Payton's limited involvement relative to other drug suppliers of the Fletcher organization, the Court sentenced Payton to 292 months.

By comparison, Fletcher was sentenced to life imprisonment. At his trial, the Government proved he was the leader of an extensive drug distribution conspiracy involving hundreds of kilograms of powder cocaine and crack cocaine—considerably more than any amounts Payton sold. Further, at Fletcher's sentencing, the Court noted that he preyed upon and manipulated drug addicts to operate his organization, likening him to a "slave master." *United States v. Fletcher*, No. 05-0179, ECF No. 399 at 33–34 (D. Md.). Fletcher's depravity knew no bounds. In one incident, he forced a woman to perform a sex act on him in front of her boyfriend and other onlookers— simply to assert his dominance. To this day, Fletcher remains one of the more heinous offenders the Court has encountered.

Against this backdrop, Payton seeks a reduction of his nonviolent drug sentence that now exceeds the sentence Fletcher received.

## II.

The expanded scope of relief under § 3582(c)(1)(A) in light of the First Step Act is well established. *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). To grant relief, two

2

conditions must be met: (1) the movant must present extraordinary and compelling circumstances; and (2) relief must be consistent with the § 3553(a) factors. Here, both are satisfied.

## A. Extraordinary & Compelling Circumstances

The Fourth Circuit has instructed that "courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise,'" including unwarranted sentencing disparities. *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Payton contends that the disparity between his and Fletcher's sentence is an extraordinary and compelling circumstance that justifies a sentence reduction. The Court agrees.[1]

Over the years, Fletcher benefitted from changes in our sentencing regime that resulted in three very substantial reductions.[2] First, as a result of decreased offense levels prompted by Amendment 782 to the Sentencing Guidelines, Judge Chuang reduced Fletcher's sentence from life imprisonment to 360 months. No. 05-0179, ECF Nos. 816 & 817. Second, under Section 404 of the Fair Sentencing Act, Fletcher's sentence was thereafter reduced from 360 to 264 months. At the time, Judge Chuang found that "by present standards, the length of imprisonment required to reflect the seriousness of [Fletcher's] offense and to promote respect for the law has declined." No. 05-0179, ECF No. 839 at 7. Finally, on July 13, 2020, for medical reasons, Fletcher's sentence was reduced to time served under § 3582(c)(1)(A), at the time a total of 183 months. No. 05-0179, ECF Nos. 856 & 857.

Payton fairly argues that the defendants' original sentences—life imprisonment for Fletcher and 292 months for Payton—demonstrated their relative culpability. But, the fact is that

---

[1] Because the Court finds that this gross sentencing disparity warrants a reduced sentence, the Court does not address Payton's other grounds for relief.

[2] Fletcher's case was reassigned in 2018 to Judge Chuang.

3

despite his more reprehensible conduct, Fletcher is no longer incarcerated, and his sentence reductions have resulted in a striking disparity where a middling supplier of drugs is punished far more severely than the violent "ringleader" of a drug trafficking organization that dealt in far greater amounts of drugs. The Court finds that disparity sufficiently extraordinary and compelling under § 3582(c)(1)(A).

## B. The § 3553(a) Factors

The Court next considers whether relief is consistent with the factors enumerated in 18 U.S.C. § 3553(a). Of those considerations, the Government stresses that the seriousness of Payton's offense weighs against reducing his sentence. The Court agrees that Payton's crimes were serious. Drugs are the lifeblood of criminal enterprises and Payton provided the currency upon which Fletcher traded. But a reduction of Payton's sentence does not give him a free pass. He has served nearly 15 years in federal prison. He will also serve an extended period of supervised release. He has had the better part of two decades to determine the kind of man he wants to be and, based on the record before the Court, he appears to be ready to become a productive member of society.

Although Payton's criminal history was influential in 2006, that history is now dated. While incarcerated, Payton has shown signs of real progress, including the completion of a highly selective 8,000-hour electrician apprenticeship. Letters of support also demonstrate that Payton has a support network and a plan for reentry.

Accordingly, the Court **GRANTS** Payton's Motion and imposes a term of **200 months imprisonment,** specifically reducing his sentence to 200 months on Counts I and III, to run concurrently, leaving the remainder of his sentence intact (e.g., the duration and conditions of his supervised release).

The Court notes that Payton cites the availability of good-time credit, which may make him immediately eligible for release. The Court leaves that determination to the Bureau of Prisons. Should Payton be immediately eligible for release, his release shall be **STAYED** for up to 14 days from the date of this Opinion, to allow for appropriate medical clearance, prompt pre-release review, and the implementation of a release plan.

## CONCLUSION

For the foregoing reasons, Payton's Motion to Reduce Sentence is **GRANTED**. The Court imposes a reduced sentence of 200 months of incarceration.

A separate Order will **ISSUE**.

_/s/_
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

March _10_, 2021